IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT ANTWAIN STANBACK,        )
                                )
                   Petitioner,  )
                                )
         v.                     )        1:16CV1301
                                )
MS. FAYE DANIELS,               )
                                )
                   Respondent.  )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed a Motion to Dismiss on Statute of Limitations Grounds (Docket Entry 5), a Supporting Brief (Docket Entry 6), and an Initial Answer (Docket Entry 4). Petitioner also filed a "Motion to File Oversized Traverse"[1] (Docket Entry 9), a Response (Docket Entry 10), and a Supplement (Docket Entry 11). This matter is now prepared for a ruling.

### Background

On July 11, 2001, a jury found Petitioner guilty in Superior Court, Randolph County of first-degree murder and attempted robbery with a dangerous weapon. (Docket Entry 1, §§ 1-6.) *State v. Stanback*, 156 N.C. App. 699 (2003). He was sentenced to life imprisonment

---

[1] The Court will grant Petitioner's request to file a twenty-eight page response.

without parole. (*Id.*) Petitioner appealed and the North Carolina Court of Appeals filed an unpublished opinion on March 18, 2003 finding no error. (*Id.*)

Petitioner next dated a motion for appropriate relief ("MAR") on December 2, 2015 and filed it in Superior Court, Randolph County on December 8, 2015. (Docket Entry 6, Ex 5.) It was denied on January 16, 2016. (Docket Entry 1 at 15.) On April 14, 2016, Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court, seeking review of the denial of his MAR. (Docket Entry 6, Ex. 6.) It was dismissed on June 9, 2016. (*Id.*, Ex. 7.) Petitioner filed this action on November 4, 2016; it was signed as of September 15, 2016. (Docket Entry 1.)

## Petitioner's Claims

Petitioner contends: (1) the district court violated Fed. R. Crim. P. Rule 23(b) because on April 19, 2001 a juror, while deliberating was rushed to the hospital from chest pains, and without objection from defense counsel, the jury was excused until the following Monday, 23 April 2001; (2) ineffective assistance of counsel when counsel failed to object to the trial court's instruction to the jury to continue deliberating, on grounds that the instruction failed to include cautions required under *Allen*, when on April 23, 2001 all 12 jurors returned back to court after an impasse; and (3) double jeopardy, because on April 19, 2001 the trial judge accepted and received a guilty verdict of a lesser offense withholding legal judgment and ordered the jury to deliberate further on the charged offense on April 23, 2001. (*See id.* § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 5.) In order to

assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, the North Carolina Court of Appeals affirmed Petitioner's criminal convictions on March 18, 2003. Petitioner did not pursue further direct review. Petitioner's convictions thus became final in late April, 2003, thirty-five days after the March 18, 2003

opinion was issued from the Court of Appeals. *See* N.C. R.App. P. Rules 14(a) and 15(b) (15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or PDR in North Carolina Supreme Court) and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed); *Saguilar v. Harkleroad*, 348 F. Supp. 2d 595, 598-601 (M.D.N.C. 2004) (Osteen, Sr., J. *adopting recommendation of* Eliason, M.J.), *appeal dismissed*, 145 F. App'x 444 (4th Cir. 2005). Petitioner's one-year limitation period expired one year later in April of 2004. However, Petitioner did not file the instant action until 2016. The instant action was filed more than ten years late.

It is true that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because none of Petitioner's state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

Here, Petitioner did not pursue any state post-conviction efforts until late 2015, more than ten years after his time to file the instant action had expired. Thus, all of Petitioner's state

4

post-conviction efforts were filed years *after* the federal habeas deadline had expired in April of 2004.

Petitioner does not dispute the foregoing time-line. Instead, he is apparently asserting that he is entitled to equitable tolling, a doctrine the Supreme Court has ruled theoretically applicable in this context. *See Holland v. Florida*, 560 U.S. 631, 648 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, in his Petition, Petitioner is at most arguing that he is entitled to equitable tolling because he is not trained in the law, because in § 18 of his Petition, he states, "I have no knowledge of the courts or laws." (Docket Entry 1, § 18.) Nevertheless, ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner could also be arguing that the merits of his claims justify the late filing of his federal habeas petition. However, this argument is unpersuasive. The potential merits of a claim do not impact the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003).

Petitioner sets forth additional argumentation in support of his equitable tolling claim in his Response to Respondent's Motion to Dismiss. (Docket Entry 10 at 8-9.) Specifically, Petitioner contends that:

> he tried contacting his appellate counsel on numerous times and counsel failed to respond until Petitioner wrote trial judge. Petitioner transferred from Central Prison in 2003 to Marion Correctional without knowing the North Carolina Court of Appeals decision. In August 24, 2004 Petitioner again wrote appellate counsel in regard to his appeal when Petitioner received bill from Indigent Defense Office. (See Attachments.) In September of 2004 appellate counsel informed Petitioner he was

5

> no longer Petitioner's counsel. Petitioner, without any knowledge of the Courts, indigent, and without access of the relevant statute of limitations put his faith into the hands of appellate counsel. . . . .
>
> Petitioner seeks to distinguish his case on the basis that his appellate counsel did not act with mere negligence, but rather deceived him into believing that he was actively pursuing Petitioner's legal remedies when, in fact, he was not. . . . .
>
> Petitioner has been pursuing his rights diligently by reading law books, writing colleges for help, prison legal services, and reading his transcript carefully. By reading his transcript, Petitioner discovered trial judge accepted and received a guilty verdict on a lesser offense on Thursday, April 19, 2001, withheld that legal judgment until Monday 23, 2001, and thereby subjected Petitioner to retrial on the theory of "continuing jeopardy." . . . .

(Docket Entry 10 at 8-9.)

These allegations do not render the Petition timely. First, as explained, Petitioner's ignorance of the federal habeas deadline does not warrant any form of tolling, nor do the potential merits of a claim impact the timeliness analysis. *Sosa*, 364 F.3d at 512; *Rouse*, 339 F.3d at 251-52. Second, and likewise, Petitioner's indigence does not entitle him to equitable tolling. *See Bryant v. Beck*, No. 1:08CV181, 2008 WL 2949247, at *2-3 (M.D.N.C. July 30, 2008) (unpublished) *recommendation adopted* Slip Op. (M.D.N.C. Feb. 5, 2009) (unpublished). Third, a non-conclusory claim of attorney malfeasance in which an attorney actively misleads a petitioner could potentially warrant equitable tolling. *See id.* at 2. However, Petitioner's claim here is entirely conclusory and fails for this reason alone. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

Fourth, there is no constitutional right to appointed counsel in a habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416

(4th Cir. 2013). Consequently, any time Petitioner spent seeking to secure counsel to pursue his federal habeas claim does not warrant equitable tolling.

Fifth, if Petitioner is contending that North Carolina Prisoner Legal Services ("NCPLS") caused him to miss his federal habeas deadline, that argument also fails. Conclusory assertions that a lengthy NCPLS review process caused a petitioner to miss the deadline are routinely dismissed. *See, e.g., Paniagua v. Dail*, No. L12CV1253, 2013 WL 4764586, *4 n. 6. (M.D.N.C. Sept. 4, 2013) (unpublished) *recommendation adopted by* 2013 WL 5462283 (M.D.N.C. Sept. 30, 2013) (unpublished); *Rhew v. Beck*, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004). Moreover, the state is not required to provide prison libraries, but rather has satisfied its legal obligations in this regard through NCPLS, whose services Petitioner has already sought and been denied. (Docket Entry 10, Ex. 1. at 2-3.) *See Burgess v. Herron*, No. 1:11CV420, 2011 WL 5289769, at *2 (M.D.N.C. Nov. 2, 2011) (unpublished). The fact that NCPLS may have declined to represent Petitioner does not change the fact that the state has met its obligation to provide inmates adequate access to the courts. *See, e.g., Hood v. Jackson*, No. 5:10–HC2008–FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished) (citing cases); *Dockery v. Beck*, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. August 1, 2002) (unpublished).

Sixth, Petitioner contends that he discovered a cause of action in his trial transcript. However, that trial transcript presumably existed since Petitioner's 2001 trial and so this would not provide Petitioner with a later starting date for his federal habeas deadline.

Seventh, Petitioner contends that he never received the decision of the North Carolina Court of Appeals. "The limitations period of the AEDPA, however, runs from 'the date on

7

which the judgment became final,' 28 U.S.C.A. § 2244(d) (1)(A), not from the date on which [the petitioner] was served with (or . . . merely received) notification of the final judgment." *See Rouse*, 339 F.3d at 245. And, in any event, "it is abundantly clear that if petitioner had simply made a timely inquiry with the Clerk of Court . . . he would have known [the status of] his appeal . . . and could have timely filed his [federal habeas] motion." *Rash v. United States*, No. CIV.A.3:05-CV-127, 2007 WL 1983852, at *3 (N.D.W. Va. July 3, 2007) (unpublished).[2]

Eighth, routine prison transfers, such as the one described by Petitioner, do not warrant equitable tolling. *See Allen v. Johnson*, 602 F. Supp. 2d 724, 727 (E.D. Va. 2009). Ninth, even granting Petitioner the dubious assumption that he is entitled to some degree of equitable tolling, which is not the case for the reasons set forth above, Petitioner certainly would not be entitled to more than a decade of such relief. For all these reasons, Petitioner is not entitled to equitable tolling.

Finally, to the extent Petitioner asserts he is actually innocent of the crimes for which he was convicted, that claim would also fail to render his Petition timely. The Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the one year deadline. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

---

[2] Correspondence that Petitioner attaches to his pleadings indicates that he knew the result of his appeal by at the latest September of 2004. (Docket Entry 10, Ex. 1 at 2.) This correspondence also indicates that he knew of his federal habeas deadline at the latest by April 12, 2005. (*Id.*)

8

accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has, at most, done no more than assert in a conclusory fashion that he is actually innocent. Mere conclusory statements are insufficient to toll the federal habeas deadline. For all these reasons, the Petition is time-barred.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion to File Oversized Traverse" (Docket Entry 9) is **GRANTED**. The Court has reviewed all of Petitioner's pleadings.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

                                                  Joe L. Webster
                                                  United States Magistrate Judge

April 11, 2017
Durham, North Carolina